TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
MARY GRIFFIN SIMS (CSB No. 324073)
mgriffin@fenwick.com
YI CHEN (CSB No. 352696)
ychen@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Defendant
INVOCA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CAROLE WELLS; DONNA MARSHALL; MARTIN VALENCIA; and TANISHA DANTIGNAC, individually and on behalf of similarly situated individuals,

Plaintiffs,

v.

INVOCA, INC.,

Defendant.

Case No.: 2:25-cv-01323-HDV-BFMx

**INVOCA, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Date: October 30, 2025
Time: 10:00 a.m.
Dept: Courtroom 5B
Judge: Honorable Hernán D. Vera

## INTRODUCTION

Concurrently with this request for judicial notice, Defendant Invoca, Inc. ("Invoca") has moved to dismiss Plaintiff's First Amended Complaint in its entirety. Invoca respectfully requests that, in deciding its motion, the Court take judicial notice of Invoca's Security, Compliance, and Data Privacy Policy and Invoca's Privacy Policy, which are both (i) incorporated by reference in Plaintiff's complaint and (ii) judicially noticeable under Federal Rule of Evidence 201. Invoca's Security, Compliance, and Data Privacy Policy is attached as **Exhibit A** to the Declaration of Tyler G. Newby, filed in support of this request (the "Newby Decl."). Invoca's Privacy Policy is attached as **Exhibit B** to the Newby Declaration. For the Court's convenience, an identical copy of each document is attached hereto.

## ARGUMENT

### A. Invoca's Security, Compliance, And Data Privacy Policy And Privacy Policy Are Incorporated By Reference In The First Amended Complaint.

While the scope of review on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is generally limited to the contents of the complaint, a court may look beyond the four corners of the complaint to consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (district court did not err in considering two documents mentioned in the complaint), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). A document is properly incorporated by reference "if the complaint refers to it extensively or if the document forms the basis of the plaintiff's claims," such that the complaint "necessarily relies" on its contents. *Gershfeld v. TeamViewer US, Inc.*, No. 21-55753, 2023 WL 334015, at *1 (9th Cir. Jan. 20, 2023) (disclosures properly incorporated by reference where plaintiff's claims were "dependent upon the extent and sufficiency" of the contents of the disclosures).

Here, Plaintiffs' claims hinge on their argument that Invoca has the capability to use their recorded calls for its own purposes. *See* Am. Compl. ¶¶ 26-28. In support of this argument, Plaintiffs rely on language in Invoca's Security, Compliance, and Data Privacy Policy and Invoca's Privacy Policy, arguing that the language shows that Invoca is capable of using the contents of conversations for its own purposes. Specifically, Plaintiffs allege that, under Invoca's Security, Compliance, and Data Privacy Policy, "Invoca can perform comprehensive analysis on the content of the calls it eavesdrops upon, including identifying the category of the speaker and determining the intent of the call, hence why Invoca 'stores calls and call transcripts for internal queries.'" *Id.* ¶ 26. Plaintiffs further allege that "Invoca states in its Privacy Policy that it uses 'Personal Data'—which includes call information 'including phone numbers and recordings'— to 'improve, operate, maintain, and, in some cases, market the Invoca Platform' and 'conduct internal research in order to enhance the Invoca Platform and Services.'" *Id.* ¶ 27.

By misleadingly and selectively quoting from Invoca's Security, Compliance, and Data Privacy Policy and Privacy Policy, and alleging that the policies allow Invoca to take certain actions with respect to users' data, Plaintiffs have "necessarily relie[d]" on these documents in a manner that "forms the basis of [their] claims." *Gershfeld*, 2023 WL 334015, at *1. Accordingly, the Court not only may, but in fairness should, "take into account all parts of the communication that are ordinarily heard or read with it." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal citations omitted); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (finding the purpose of the incorporation-by-reference doctrine as "prevent[ing] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.") (citation modified).

**B. Invoca's Policies Are Subject To Judicial Notice.**

As an alternative to invoking the incorporation-by-reference doctrine, the Court must take judicial notice of Invoca's Security, Compliance, and Data Privacy Policy and Invoca's Privacy Policy because the documents can be found on a publicly available website. When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts may take judicial notice of documents that are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts routinely recognize publicly accessible websites as proper subjects of judicial notice. *See, e.g., Lammey v. CBM Two Hotels, L.P,* No. LA CV20-11432 JAK (Ex), 2022 WL 22805525, at *2 (C.D. Cal. July 8, 2022) ("[P]ublicly accessible website is a proper subject of judicial notice."); *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (taking judicial notice of documents that "properly provide a basis for [defendant's] argument that Plaintiffs sometimes inaccurately characterize the contents of those documents"); *Heinz v. Amazon.com Inc.*, No. 2:23-cv-1073, 2024 WL 2091108, at *3 (W.D. Wash. May 8, 2024) (taking judicial notice of documents, including conditions of use, which are "publicly available on Amazon's website" such that "their authenticity is beyond reasonable dispute").

Plaintiffs cannot seriously contest the accuracy of Exhibits A and B to the Newby Declaration, because their amended complaint quotes from them. The exhibits are publicly available, as shown by the webpage addresses in the footers of each exhibit. These pages are properly authenticated in the Newby Declaration, and judicial notice is proper under both Federal Rules of Evidence 201(b)(2) and 201(c)(2).

## CONCLUSION

For the foregoing reasons, Invoca respectfully requests that the Court deem Invoca's Security, Compliance, and Data Privacy Policy and Invoca's Privacy Policy (Newby Decl. Exs. A and B) incorporated by reference into the amended complaint

or, alternatively, take judicial notice of Exhibit A and Exhibit B and consider them in connection with Invoca's concurrently filed motion.

Dated: July 28, 2025

FENWICK & WEST LLP

By: */s/ Tyler G. Newby*
Tyler G. Newby
Attorneys for Defendant, Invoca, Inc.